UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

CLINTON S. SCHAAR, JR.,
   *Defendant-Appellant.*

No. 00-4526

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-142)

Submitted: August 14, 2002

Decided: September 5, 2002

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Eric A. Bach, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Clinton S. Schaar, Jr., pled guilty to conspiracy to distribute an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a), 846 (2000), and was sentenced to a term of sixty-three months imprisonment. In his plea agreement, Schaar stipulated that his offense involved at least 400 kilograms but less than 700 kilograms of marijuana. As part of the plea agreement, Schaar also agreed to waive his right to appeal his conviction or sentence except as to claims of ineffective assistance of counsel or prosecutorial misconduct. During the Fed. R. Crim. P. 11 hearing, the district court specifically reviewed the appeal waiver provision with Schaar and Schaar acknowledged that he was waiving his appeal rights.

At the sentencing hearing, Schaar moved for a departure below the guideline range of 63-78 months based on his ill health. The district court found that Schaar's condition did not amount to an extraordinary physical impairment, *see U.S. Sentencing Guidelines Manual* § 5H1.4, p.s. (2001), and thus it lacked discretion to depart. The court imposed a sentence of sixty-three months imprisonment. Before imposing sentence, the court stated that it would "blue pencil" Schaar's plea agreement to remove the waiver provision, and advised Schaar that he could appeal the court's decision that it lacked authority to depart. Schaar then noted this appeal.

On appeal, Schaar argues that the district court erred in finding that it could not depart, but does not contest the validity of his waiver of appeal rights. The government urges that the appeal be dismissed based on the waiver. We agree that the waiver is enforceable despite the district court's attempt to modify the plea agreement by removing the waiver. *See United States v. Howle*, 166 F.3d 1166, 1168-69 (11th Cir. 1999) (district court may accept or reject plea agreement, but lacks authority to modify it); *United States v. Ritsema*, 89 F.3d 392, 399 (7th Cir. 1996) (same).

We therefore dismiss the appeal pursuant to the terms of the plea agreement.* To the extent that the district court's attempt to strike the

---

*We note that Schaar received a sentence in excess of the statutory maximum authorized by 21 U.S.C.A. § 841(b)(1)(D) for a marijuana-

waiver provision from the plea agreement constitutes an order, we vacate that order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

---

only offense. In this situation, the waiver may not prevent this court from reviewing the legality of the sentence sua sponte under Federal Rule of Criminal Procedure 52(b) if plain error occurred. *See United States v. Childress*, 26 F.3d 498, 502 (4th Cir. 1994). However, Schaar's stipulation that the offense involved over 200 kilograms of marijuana exceeds the threshold for a sentence of more than five years under § 841(b)(1)(B), (C). Therefore, we conclude that, even if plain error occurred, the "overwhelming and uncontroverted evidence" provided by Schaar's stipulation precludes correction of his sentence. *United States v. Cotton*, 122 S. Ct. 1781, 1787 (2002).